DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

### DURING THE YEAR 1906.

### Arthur I. Kelly v. Insurance Company of North America, et al.

1. PEREMPTORY INSTRUCTION—*when properly given.* Where the evidence does not tend to prove the plaintiff's cause of action, a peremptory instruction is properly given for the defendant.

Action of assumpsit. Appeal from the Circuit Court of Saline County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the February term, 1905. Affirmed. Opinion filed September 8, 1905. Rehearing denied February 28, 1906.

W. A. SPARM and W. F. SCOTT, for appellant.

CHOISSER, CHOISSER & KANE, for appellees.

MR. JUSTICE MYERS delivered the opinion of the court.

This was an action of assumpsit brought by appellant against appellees in Saline Circuit Court. The declaration consists of one count, and alleges that the defendants on July 1, 1903, jointly made their oral contract of insurance with the plaintiff, and, in consideration of $16 premium paid, did jointly insure the plaintiff for one year against loss or damage by fire to the amount of $400 on plaintiff's building in the village of Bolton, Saline county; that the said building was destroyed by fire on July 7, 1903; and thereby defendants became liable for the payment of $400,

(528)

with interest thereon, from date of the fire. The defendants entered a plea of *non assumpsit.* · On the trial, at the close of plaintiff's evidence, the court instructed the jury to find for the defendants. From the judgment upon this finding plaintiff appealed.

The only question presented is whether or not the evidence heard tended to prove the plaintiff's cause of action, as set out in the declaration. If it did, the trial court erred in directing a verdict. If it did not tend to prove the plaintiff's cause, if the plaintiff failed to make out a *prima facie* case, the judgment must be affirmed. There was evidence that Grace Brothers were, in 1903 and prior thereto, insurance agents with office in Harrisburg; that they represented a number of insurance companies, including appellees; that in February, 1903, they insured the property in question for plaintiff in the Sun, of London, for the sum of $400; that in May, 1903, by order of the company, plaintiff was notified to send in his policy for cancellation, and, in pursuance of this notice, gave up the policy, which was cancelled; that at that time W. D. Grace, manager of the insurance business of Grace Brothers, told plaintiff that he would put it in some of his other companies, and plaintiff told him to do so, leaving with the agent the unearned premium, $12 or $13, on his first policy to apply on the new insurance, and agreed to pay the remainder, $3 or $4, when called for.

To this point the evidence tended to prove all the essential elements of an oral contract of insurance except the naming or designating of the company to whom the risk was to be assigned. This was left to Grace, who, according to plaintiff's testimony, agreed to place the insurance at once. To prove that Grace did in fact designate the defendants, thus fixing their liability under the oral agreement, the plaintiff called Grace as a witness and examined him touching his agency and authority as agent of appellees. He was shown the policy register kept by him for defendant companies and was questioned respecting the entries made therein, especially as to those found upon page

thirty. The plaintiff offered and read in evidence, over defendants' objection, a part of what was shown on page thirty. As read by plaintiff's counsel the register shows that plaintiff's property was insured for $400, risk to begin July 1, 1903, and end July 1, 1905. On further examination by the court, to which no objection was made, and cross-examination by counsel, Grace testified that the entries on that page were made by him July 1, 1903, and by mistake the day of the month for the commencement of the risk was written the 1st, but that immediately and as a part of the same act he corrected and changed the figure 1 to figure 7, so that it read July 7th as intended at the time the entry was completed, just as it appears and should be read at the time of the trial. With this positive and uncontradicted testimony of the plaintiff's witness of what the entry on the register was and is, the evidence not only fails in tending to prove defendants' liability, but shows affirmatively that the risk under the designation of appellees as insurer post-dates the fire. There was other writing upon the register to which reference has been made, but what it was does not appear in the record and may not be considered. The plaintiff offered the register in evidence to prove the designation of defendants as insurers in order to complete the alleged oral contract with the agent and to fix the date on which the risk was imposed. Under this offer the evidence of Abney to impeach the register was not competent. Upon this state of the evidence the court did not err in giving the peremptory instruction.

*Affirmed.*